UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA B. GUTIERREZ,<br><br>    Movant,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION OFFICE OF THE INSPECTOR GENERAL,<br><br>    Respondent. | No. 2:15-mc-0075-TLN-KJN PS<br><br><br><br>ORDER |

This is a miscellaneous action filed by movant Christina B. Gutierrez ("movant") challenging the respondent, Social Security Administration, Office of the Inspector General's ("respondent" or "OIG") attempt to obtain access to her financial records from J.P. Morgan Chase Bank.[1]  Before the Court are: (1) movant's motion for order pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 *et seq.* ("RFPA") (ECF No. 1), and (2) respondent's opposition (ECF No. 5); and (3) the declaration of OIG special agent Jahman Yates ("Yates") in support of respondent's opposition (ECF No. 5-1 ("Yates Decl.").)  Upon a review of these filings and for the reasons discussed below, movant's motion is DENIED.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I.       Relevant Background

Movant seeks an order quashing a subpoena duces tecum served by the Social Security Administration which seeks to obtain all records related to movant's J.P. Morgan Chase Bank account for the period of February 1, 2014, through February 28, 2014. (ECF No. 1 at 6.). In support of the request, movant submitted a statement objecting to the subpoena on the basis that: (1) no legal proceeding against movant has been contemplated and the threat of any criminal prosecution of movant relating to the OIG's investigation has been removed because Yates read movant her "Kalkines Rights" during an interview "on or about May 21, 2015"; and (2) Yates's direct contact with movant constituted an unfair labor practice in violation of 5 U.S.C. § 71 because movant is a member of the American Federation of Government Employees union, therefore requiring the presence of a union representative during such contact. (ECF No. 1 at 2.)

In opposition to movant's first contention, respondent argues that the reading of movant's "Kalkines Rights" immunized movant only from criminal proceedings based on her own statements made to the OIG and any information or evidence obtained from such statements; it did not immunize movant from criminal proceedings based on other evidence obtained independently from movant's statements. Respondent states that movant is a current employee of the Social Security Administration and that the "OIG is currently investigating whether movant or a third party improperly diverted, for [movant's] own personal use, funds that a Social Security beneficiary attempted to pay to [the Administration] to correct a previous overpayment of benefits." (ECF No. 5 at 2 (citing Yates Decl. at ¶ 2).) Therefore, respondent contends, the financial records it seeks to obtain through its subpoena are not subject to the limited immunity granted to movant by the May 21, 2015 "Kalkines Warnings" and are relevant to a legitimate law enforcement inquiry. With regard to movant's second argument, respondent contends that movant's allegations of unfair labor practices do not constitute a proper basis on which to challenge a subpoena under the RFPA. Finally, respondent argues that the court lacks subject matter jurisdiction over movant's request to quash because movant did not comply with the procedural requirements of the RFPA in several respects. Specifically, respondent argues that movant failed to: (1) file her motion before the deadline imposed by 12 U.S.C. § 3410(a); and (2)

2

file an affidavit or sworn statement in support of her motion.

II. <u>Legal Standards</u>

As a general matter, the RFPA permits challenges by customers of financial institutions to government subpoenas. <u>See</u> 12 U.S.C. § 3410(a). The RFPA was enacted by congress in response to the United States Supreme Court's ruling in <u>United States v. Miller</u>, 425 U.S. 435 (1976), wherein the Court held that bank customers had no Fourth Amendment right to privacy for financial information held by financial institutions. <u>Rosiere v. United States Securities and Exchange Commission</u>, 2010 WL 489526 (D. Nev. 2010). These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. §§ 3401 *et seq.*, 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subpena [sic], or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request" within "ten days of service or within fourteen days of mailing" of such a summons or subpoena, with "copies served upon the Government authority."[2] The United States Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." <u>S.E.C. v. Jerry T. O'Brien, Inc.</u>, 467 U.S. 735, 745 (1984).

If the court finds that the customer has complied with section 3410(a), it shall order the Government authority to file a sworn response, and the response may be filed in camera, provided the Government furnishes the reasons which make such review appropriate. 12 U.S.C. § 3410(b). <u>See</u> <u>Thomas v. U.S. Dept. of Homeland Sec.</u>, 876 F.Supp.2d 1, 5-6 (D.D.C. 2012). The court shall deny the motion or application if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c). There are only three grounds on which a district court may quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement

---

[2] Pursuant to 12 U.S.C. § 3401(5), "'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

inquiry [;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied with the RFPA." Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989); see also 12 U.S.C. § 3405; In re Bank United F.S.B. (10061) Coral Gables, Fla., 2012 WL 1225931, at *4 (N.D. Cal. April 11, 2011) (stating that the movant bears the burden of proving that the subpoena is overbroad or otherwise not in accordance with the requirements of the RFPA.); Nimmer v. Securities and Exchange Commission, 2011 WL 3156791 at *1 (D. Neb. July 26, 2011) ("The customer must state either the reasons the financial records are not relevant to a legitimate law enforcement inquiry, or that the Government authority has not substantially complied with the RFPA.") (citing 12 U.S.C. § 3410).

      III.    Discussion

As a threshold matter, the court determines that movant's motion does not satisfy the necessary jurisdictional criteria pursuant to 12 U.S.C. § 3410(a). As respondent persuasively argues, plaintiff's motion is not accompanied by an affidavit or sworn declaration as is required by 12 U.S.C. § 3410(a).[3] Indeed, the statement movant filed in support of her motion consists of a one-page typed argument that she did not sign under penalty of perjury. (ECF No. 1 at 2.) Even when the court liberally construes movant's statement in the context of the other documents comprising her motion, it does not meet the requirements to be considered an affidavit or sworn statement. See 28 U.S.C. § 1746 (requiring sworn statements to be made under penalty of perjury). Furthermore, the motion was not timely filed within ten days of service or within

---

[3] 12 U.S.C. 3410(a) provides, in pertinent part:

> [A motion to quash under this section] shall contain an affidavit or sworn statement
>
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

4

fourteen days of mailing of the subpoena, as is also required by 12 U.S.C. § 3410(a). Attached as Exhibit 2 to Yates's declaration in support of respondent's opposition is a copy of the return of service demonstrating that respondent mailed the subpoena to movant via registered or certified mail on June 16, 2015, (Yates Decl. at 9), but the docket reflects that movant did not file her motion until July 2, 2015, (ECF No. 1), 17 days after respondent mailed the subpoena to respondent, and 3 days after the filing deadline set by 12 U.S.C. § 3410(a). Both procedural defects, by themselves, are sufficient bases for the court to deny the motion to quash. See Donovan v. U.A. Local 38 Plumbers & Pipe Trades Pension Fund of San Francisco, 569 F. Supp. 1488, 1490 (N.D. Cal. 1983) ("No affidavit or sworn statement was filed by any [movant] within the statutory 10 day period and no affidavits have yet been filed. The legislative history and 12 U.S.C. § 3410(a) suggest that this lack of compliance is a sufficient basis for the Court to deny the [movants'] motion to quash."); Swann v. Sec'y, U.S. Dep't of Hous. & Urban Dev., 2006 WL 148738, at *1 (D.D.C. Jan. 19, 2006) (holding that the court lacked subject matter jurisdiction because movant failed to file her motion to quash within ten days of service or within fourteen days of respondent's mailing of the subpoena). Accordingly, the motion to quash is denied based on movant's failure to comply with the procedural requirements of 12 U.S.C. § 3410(a).

Moreover, even if the motion and other documents submitted in support were to comply with the requirements of 12 U.S.C. § 3410(a), respondent's opposition demonstrates that the motion to quash the subpoena is unsuccessful on the merits. Under Section 3410(c), the court must deny a motion to quash if it finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C.A. § 3410(c). Here, respondent demonstrates that the subpoena for financial records held by J.P. Morgan Chase Bank related to movant's account with that institution for the period of February 1, 2014, through February 28, 2014, are relevant to the OIG's ongoing investigation of movant regarding whether she improperly diverted two money orders that were furnished by a Social Security beneficiary to movant while she was working at the Social Security Administration's North Sacramento District Office on January 28, 2014, and January 29, 2014, respectively. In his declaration in support of respondent's opposition, Yates

1 states that the money orders were intended as partial repayments of funds the beneficiary owed to
2 the Administration, but that they were never credited to the beneficiary's account, and were later
3 determined to have been cashed at J.P. Morgan Chase Bank with movant's name written on one,
4 and "Luis Rodriguez" written on the other.  (Yates Decl. at ¶¶ 3, 7, 10.)  Yates declares further
5 that the documents sought by the subpoena "are relevant to the OIG's ongoing investigation"
6 because "[movant's] bank records may provide evidence that [movant] deposited the
7 Beneficiary's money orders, or funds from those money orders, into her personal account at J.P.
8 Morgan Chase Bank."  (Id. at ¶ 14.)  Upon review of Yates's declaration and respondent's
9 opposition, the court finds that there is a demonstrable reason to believe that respondent's law
10 enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to
11 that inquiry.

12 Movant's arguments in support of her motion to quash are without merit.  With regard to
13 movant's first argument, that the "Kalkines Warnings" Yates read to her immunized her from
14 having evidence obtained during the OIG's investigation used against her in any criminal
15 proceedings, it is clear that no such blanket immunization was ever granted.  Attached as Exhibit
16 1 to Yates's declaration is a copy of the "Kalkines Warnings" Yates read to movant on the date he
17 interviewed her (see Yates Decl. at ¶ 11), which include the following advisement:

> Neither your answers nor any information or evidence which is gained by reason
> of such statements can be used against you in any criminal proceedings, except
> that if you knowingly and willfully provide false statements or information in your
> answers, you may be criminally prosecuted for that action.

21 (Id. at 6.)  Contrary to movant's argument, this warning only immunized her from having her
22 statements made during the interview, and evidence obtained as a result of those statements, used
23 against her in pursuit of a criminal prosecution.  Nothing in the record indicates that knowledge of
24 the documents respondent seeks to subpoena was obtained through such statements.
25 Furthermore, it is not certain at this juncture that the documents, if subpoenaed, would necessarily
26 be used against movant in criminal proceedings as the OIG's investigation into the matter is
27 currently ongoing and it appears that no criminal charges have been formally filed against movant
28 as of this time.

6

Movant's second argument, that respondent interviewed her without the presence of a union representative in violation of 5 U.S.C. § 71, does not constitute proper grounds for quashing the subpoena. As discussed above, subpoena may be quashed only on the following grounds: "(1) the agency's inquiry is not a legitimate law enforcement inquiry [;] (2) the records requested are not relevant to the agency's inquiry [;] or (3) the agency has not substantially complied with the RFPA." Sandsend Fin. Consultants, Ltd., 878 F.2d at 882. Movant's argument does not fall within any of these three categories. Therefore, it is without merit.

IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Movant's motion for order pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 *et seq.* (ECF No. 1) is DENIED; and

2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 1, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE